## In re BARCLAY'S ESTATE.

### BARCLAY v. COMAN.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE — CARE OF DECEDENT—CLAIM OF MARRIED WOMAN—EVIDENCE.

Where, on the trial of a claim of a married woman against an estate for care of decedent, there is evidence of an arrangement to pay claimant for her services, understood and assented to by decedent, claimant, and her husband, testimony tending to show that claimant's husband agreed that she should have pay for such services as her separate property, is properly admitted over the objection that it must have been brought home to decedent and assented to by her to be admissible against the estate.

2. SAME—INSTRUCTIONS—REQUESTS—APPLICATION OF FACTS.

A requested instruction reciting the facts that decedent lived two years after the last services were performed, that a settlement in evidence was made, and no demand for services was made, is properly refused, such facts not being controlling of the motion to direct a verdict for the estate, and no other application of the facts recited being requested.

Error to Bay; Collins, J. Submitted November 14, 1906. (Docket No. 142.) Decided December 17, 1906.

Mary J. Barclay presented a claim against the estate of Sarah A. Barclay, deceased, for services rendered. The claim was allowed in part by the commissioners, and Helen F. Coman, administratrix, appealed to the circuit court. There was judgment for claimant, and contestant brings error. Affirmed.

*T. E. Webster* (*James Van Kleeck*, of counsel), for appellant.

*Gilbert W. Hand* (*Edward E. Anneke*, of counsel), for appellee.

OSTRANDER, J.    Mary Jane Barclay presented a claim against the estate of Sarah A. Barclay:

" For nursing and care, furnishing groceries and keeping house for deceased from May 30, 1901, to March 7, 1903, 81 weeks, @ $8.00 per week, $648.00.

" To interest on above from March 7, 1903."

The commissioners allowed the claim at the sum of $250. On appeal by the administratrix to the circuit court, an allowance of $700 was made by a jury. The representative of the estate has brought the record into this court. It contains all of the testimony. The theory of claimant was that she rendered services for the decedent under an agreement to do so and to receive pay therefor, and that, by a further arrangement with her husband, the compensation was to be her sole property. The position of the defendant estate was that claimant and her husband, Fred W. Barclay, a son of decedent, went to live with decedent under an arrangement to care for and board her for the rent of the house. There was testimony to support the finding of an arrangement to pay claimant for services, understood and assented to by decedent, claimant, and her husband, and an examination of the charge of the court satisfies us that the issues of fact presented by the testimony were properly submitted to the jury.

Some testimony was taken over objection. Claimant was a married woman. Her husband, the son of deced-

ent, died before his mother.   She was sworn as a witness in her own behalf and testified :

"*Q.* What was the arrangement between yourself and your husband at this time; at the time of your coming up here ?

"*A.* The arrangement was, if I came up here to take care of his mother, I should have my pay, and I never received anything."

On cross-examination,' she testified :

" *Q.* And before you went there, you had a talk with Fred Barclay about your having your pay before you went to Sarah A. Barclay's to take care of her at the house.   You had a talk with your husband by which you were to receive pay for your work ? .

"*A.* Yes, that I should be paid for my work.   *   *   *

" *Q.* Did you go and take care of your husband's mother, Sarah A. Barclay, on account of the agreement you made with your husband by which you were to receive pay for your services ?

"*A.* No.   If you will let me tell you what was said—

" *Q.* I ask you to answer the question.

"*A.* Partially I did, but I had other assurances before, of course.

" *Q.* Then you did not go there on account of this agreement, expecting your pay because your husband agreed to give you your services ?

"*A.* He made the agreement with others before he made the agreement with me.

" *Q.* It was on account of this agreement that your husband made, giving you your services, that you went there, was it ?

"*A.* It was, of course."

This testimony was admitted by the court " not to bind you ( the estate ) on any bargain made between her and her husband, but to show that the arrangement between these two was that she was to have her own services. That is all the offer amounts to."   The specific objection to the introduction of this testimony was that such a bargain between husband and wife must be shown to have been brought home to the decedent, and to have been assented to by her.   See *Mason* v. *Dunbar,* 43 Mich. 407.

If there was an arrangement that claimant should be paid, known and assented to by the husband, to the knowledge of decedent, so that liability to the wife personally was affirmed and liability to the husband was negatived, the rule that "it is not enough to show that the husband has given the wife her services, but the other party must also understand that contract relations between himself and the wife exist, and that the wife expects compensation" (*Mason* v. *Dunbar*) is not violated. The objection that this testimony tended to prove a specific arrangement with decedent was not made.

Decedent lived some two years after the death of her son, the husband of claimant, and after the alleged services were performed. Evidence supports the idea that she was, during this time, able to pay her debts, and that no claims were presented against her estate excepting that of this claimant and two others amounting to less than $32. There is no evidence tending to show any demand for pay made by claimant during the life of decedent. There is evidence in the form of a written release, executed by claimant, that on February 20, 1905, but whether this was before or after the present claim was presented does not appear, she, formally, as widow and residuary legatee of Frederick W. Barclay, for a stated consideration, released and discharged all rights "I may have in the estates of said Jonathan S. Barclay [husband of decedent] and Sarah A. Barclay, as residuary legatee and devisee of said parties deceased or as heir at law of said parties."

In a request to charge, counsel for the estate recited the fact that decedent lived two years after the last services were performed, that a settlement as above indicated was made, and no demand for services was made; but they did not ask the court to make any application of the facts—simply to recite them. The argument found in the brief consists of the statement that this request was warranted by the evidence. These facts were not controlling of the motion to direct a verdict for the estate.

Any other application of them should have been specified in the request to charge. The release was in evidence, and the jury instructed to consider all of the testimony in the case.

We find none of the errors well assigned, and the judgment is, therefore, affirmed.

CARPENTER, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.